C. W. Posey, Deceased, Ethel Truman Posey, Administratrix, C.T.A. v. Commissioner. Ethel Truman Posey, Administratrix, C.T.A., C. W. Posey, Deceased v. Commissioner. Ethel Truman Posey (Transferee) v. Commissioner.
C. W. Posey, Deceased v. Commissioner
Docket Nos. 27006, 27005, 27004.
United States Tax Court
1951 Tax Ct. Memo LEXIS 262; 10 T.C.M. (CCH) 383; T.C.M. (RIA) 51123; April 18, 1951
*262 R. J. Cleary, Esq., 312 E. 13th Ave., Homestead, Pa., for the petitioners. Albert J. O'Connor, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $4,889.82 in the income tax of C. W. Posey for the year 1945. He notified Ethel Truman Posey, "Executrix" of C. W. Posey, deceased, that she was personally liable for that deficiency under section 3467 of the Revised Statutes, and he also notified her that she was liable as a transferee of the assets of the estate of C. W. Posey, deceased, for $4,228.22 of the deficiency, plus interest. He made a claim by an amended answer that she is liable for the full amount of the deficiency, plus interest. The only issue for decision in the case of the taxpayer is whether the Commissioner should have allowed an additional deduction of $2,500 for bad debts. The administratrix alleged that she is not liable under section 3467, and Ethel Truman Posey alleged that she was not liable as a transferee of the estate of the taxpayer. Findings of Fact Cumberland W. Posey died on March 28, 1946. Ethel Truman Posey was granted an extension of time to August 15, 1946, within *263 which to file an income tax return on behalf of C. W. Posey for 1945, and she filed such a return on August 14, 1946, with the collector of internal revenue for the twenty-third district of Pennsylvania. The return contains a statement that $2,805.02 had been paid on the 1945 income tax by payments on the 1945 declaration of estimated tax, but no part of that amount had been paid in any way. Cumberland W. Posey left a will which was duly probated in Allegheny CountyPennsylvania, on May 20, 1946, and Ethel Truman Posey, his widow, was duly appointed Administratrix, C.T.A. thereunder. The decedent, by his will, left everything to his wife. Cumberland W. Posey loaned William Harris $1,000 on September 22, 1942, and $500 on July 23, 1945. Those loans have never been repaid. The evidence does not show that they became worthless in the year 1945. Posey did not charge off any part of those debts in the year 1945. Cumberland W. Posey loaned E. McPhierson $1,000 on November 8, 1943. That loan has never been repaid. The evidence does not show that it became worthless in the year 1945. Posey did not charge off any part of that debt in the year 1945. The record does not show the circumstances *264 under which Posey made the loans above described. There is a deficiency of $4,889.82 in the income tax of Cumberland W. Posey for 1945 which has not been paid. Ethel Truman Posey, as Administratrix, C.T.A. of the estate of Cumberland W. Posey, received assets which had belonged to Cumberland W. Posey and paid his debts and funeral expenses, but did not pay the deficiency in income tax for 1945 which he owed. The value of the assets which she received exceeded the amount of the debts which she paid. The total amount of debts which she paid, excluding the amounts paid to the collector of internal revenue, was $1,998.19. Ethel Truman Posey retained the remaining assets of the estate of Cumberland W. Posey as her own property and thereby left the estate insolvent. The value of all assets received by her as a result of his death, including real property which she acquired from Cumberland W. Posey, and the proceeds of a life insurance policy on his life, the premiums on which he paid, was in excess of $4,889.82. The stipulation of the parties is incorporated herein by this reference. Opinion MURDOCK, Judge: No brief has been filed on behalf of the petitioners and the Court might *265 fairly assume from that fact that they have nothing to offer in opposition to the determinations of the Commissioner. The evidence fails to show that either of the debts owed Cumberland W. Posey became worthless in 1945. It is consistent with the evidence of record that they became worthless prior to 1945. The parties have filed a stipulation which shows that no part of the deficiency determined by the Commissioner has been paid. Ethel Truman Posey, as widow and sole beneficiary under the will of her husband, took all of his property immediately after his death and retained it as her own, except as she used some of it to pay his debts and funeral expenses. She did not pay the deficiency here in question and she left nothing in the estate with which it could be paid. The value of the assets which she received over and above the amount of debts and funeral expenses which she paid was in excess of the deficiency, and thus she became liable as a transferee for the full amount of the deficiency as contended by the Commissioner. Ethel Truman Posey had stated on the return which she filed for her husband for 1945 that $2,805.02 of the amount shown as the tax on the return had been paid, *266 but the fact is that no part of that amount had been paid. She thus should have known that income taxes on the income of her deceased husband for 1945 were due the Government of the United States. She paid out $1,998.19 of debts to others than the United States and, under the circumstances, became liable for that amount under section 3467 of the Revised Statutes. Decisions will be entered for the respondent in Docket Nos. 27006 and 27004. Decision will be entered in Docket No. 27005 that the petitioner is liable for the deficiency to the extent of $1,998.19.